IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
"IN ADMIRALTY"

ENDURANCE EXPLORATION GROUP, INC.,

       Plaintiff,

vs.                                               CASE NO. 8:14-CV-2502-T-35MAP

THE UNKNOWN, ABANDONED, SUNKEN
19TH CENTURY PADDLE WHEEL STEAMER,
her apparel, tackle and appurtenances, and her
CARGO located within center point coordinates
(filed with the Court under seal), In Rem,

       Defendants.
_____/

**MOTION FOR ENTRY OF CLERK'S DEFAULT**

Plaintiff, ENDURANCE EXPLORATION GROUP, INC. ("Endurance"), moves the Court to enter a default against Defendants, THE UNKNOWN, ABANDONED, SUNKEN 19TH CENTURY PADDLE WHEEL STEAMER, etc., and her CARGO or failure to serve any paper on the undersigned or file any motion or pleading as required by Rule 55, Federal Rules of Civil Procedure, Supplemental Rule C(6), and Local Rule 7.03(f)-(h), which requires any person having a claim against the vessel or property to file a claim with the Court not later than fourteen (14) days after process has been effected.  See the Affidavit of Publication of the Notice of Arrest [D.E. 16] showing its publication date of November 6, 2014.  More than 14 days have passed since publication of the notice of arrest.

Endurance filed its Verified Complaint in Admiralty in Rem on October 3, 2014, seeking a decree awarding a full and liberal salvage award or award of title under the American Law of Finds. [D.E. 1]  Following the filing the Complaint, Endurance moved to be appointed Substitute Custodian [D.E. 11] and the Court sustained the motion by entering its Order Appointing

Substitute Custodian [D.E. 14] on October 31, 2014. The Court entered a Warrant for Arrest in Rem [D.E. 9] on October 22, 2014; it was executed and returned November 5, 2014 [D.E. 15].

On November 8, 2014, Endurance filed the Affidavit of Publication by the Advertising Billing Analyst of the TAMPA TRIBUNE, a newspaper of general circulation within the jurisdiction of this Court, attesting to the publication of the Notice of Admiralty Arrest [D.E. 16] in the November 6, 2014, issue of the TAMPA TRIBUNE and in compliance with Local Rule 7.03(h). Further, prior to and after the publication of the Notice of Admiralty Arrest in the TAMPA TRIBUNE, Endurance issued press releases which resulted in further notice to the public. See, e.g., the attached publications in SUBSEA WORLD on October 6, 2014, CNBC, YAHOO FINANCE and MARINE LINK on November 5, 2014, and OIL & GAS ONLINE on November 7, 2014. Further, on December 12, 2014, a digital and print news organization, the CONNAUGHT TRIBUNE, based in Galway, Ireland (the port from which he vessel began its last voyage), published an article about Endurance's discovery of the wreck of the CONNAUGHT and noted that an admiralty claim was made in a Florida court. See Composite Exhibit "A" attached hereto which are true, genuine and authentic copies of the informal publications.

**Memorandum of Law**

In accordance with Local Admiralty Rule 7.03(d), Endurance complied with Supplemental Rule (C)(4) in accordance with Local Admiralty Rule 7.01(g) within 21 days after execution of process on the remnants of the shipwreck brought into the jurisdiction of the Court. The notice substantially conformed to the form identified as MDF 706 in the Appendix to the Local Admiralty Rules; and, Plaintiff filed a duly executed affidavit of proof of the publication within 14 days following the last (only) day of publication.

Under Local Admiralty Rule 7.03(f) and (g), any claimant of property subject to this *in rem* action must file a claim within 14 days after the arrest of the vessel and his, her or its answer within 21 days after the filing of the claim; and, coincident with the filing of a claim pursuant to Supplemental Rule (E)(4)(f), and Local Admiralty Rule 7.03(f)(1), the claimant may also file a motion and take other actions.  Local Admiralty Rule 7.03(h) requires a party seeking the entry of default *in rem* shall first file a motion and supporting legal memorandum in accordance with Local Rule 3.01.

Local Admiralty Rule 7.03(i) requires the plaintiff to file a motion for entry of a default judgment pursuant to Rule 55(b), Fed.R.Civ.P., with appropriate supporting legal documents, not sooner than 7 nor later than 30 days following notice of the Clerk's entry of default.  The moving party may also file such other documentation as may be required to support the entry of default judgment.  Under the rule, unless the Court orders otherwise, the court will consider the motion without oral argument since no person has filed a claim or an answer.  Rule 7.03(i) also provides that

> If the court grants the motion and enters the default judgment, such judgment shall establish a right on the part of the party or parties in whose favor it is entered.  The judgment shall be considered prior to any claims of the owner of the defendant property against which it is entered, and to the remnants and surpluses thereof; providing, however, that such a judgment shall not establish any entitlement to the defendant property against which it is entered, and to the remnants and surpluses thereof; providing, however, that such a judgment shall not establish any entitlement to the defendant property having priority over non-possessory lien claimants. Obtaining a judgment by default shall not preclude the party in whose favor it is entered from contending and proving that all, or any portion, of the claim or claims encompassed within the judgment are prior to any such non-possessory lien claims.

Although the foregoing applies to the situation described in subsection 7.03(i)(2) where a person has filed an appearance but does not join in the motion for entry of the default judgment, it is not clear whether the quoted portion of the Rule applies to the situation described in subsection

7.03(i)(1), e.g. that of Plaintiff, Endurance Exploration Group, which Endurance will address in its motion for default judgment.

**Conclusion**

No claimant has filed a claim within 14 days of the publication beginning on the next calendar day including Saturday, Sunday or a legal holiday, after process was executed; nor has there been any inquiry or claim addressed to the Court since the December 12, 2014, publication reporting on the 1860 shipwreck and the instant admiralty action regarding the finding of the CONNAUGHT shipwreck in the CONNAUGHT TRIBUNE of Galway, Ireland.  A default should be entered by the Clerk.

WHEREFORE, Plaintiff Endurance Exploration Group moves the Clerk to enter a default against all potential claimants who have not timely filed their claim and for failure to serve any paper as required by law.

Respectfully submitted,

/s/ Marlow V. White
Marlow V. White
Florida Bar Member 275417
LEWIS & WHITE, P.L.C.
Post Office Box 1050
Tallahassee, Florida 32302
Vox: (850) 425-5000
Fax:  (850) 425-5004
lawlaw@polaris.net
ATTORNEY FOR PLAINTIFF
ENDURANCE EXPLORATION GROUP